| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 13-1428-JFW (JEMx)** | Date:  June 19, 2013 |

Title:      Gerald Crosby, et al. -v- Regency Theatres, Inc.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

| | |
|---|---|
| PROCEEDINGS (IN CHAMBERS): | ORDER DISMISSING PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION, AND REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT;<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [filed 5/28/2013; Docket No. 16] |

On May 28, 2013, Plaintiff Gerald Crosby ("Plaintiff") filed a Motion for Class Certification. On June 17, 2013, Defendant Regency Theatres Inc. ("Defendant") filed its Opposition.  On June 18, 2013, Plaintiff filed a Reply in which he conceded that he did not have Article III standing to pursue his claim for injunctive relief under Title III of the Americans with Disabilities Act.  In light of Plaintiff's concession that he lacks standing to pursue injunctive relief under Title III of the Americans with Disabilities Act, Plaintiff's first cause of action for violation of the Americans with Disabilities Act is **DISMISSED** for lack of standing.

Given that the only claim over which the Court had original jurisdiction has been dismissed, and after considering the values of economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law cause of action pursuant to 28 U.S.C. § 1367(c)(3).  Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court.  See *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point

toward declining to exercise jurisdiction over the remaining state law claims.'").

Plaintiff's Motion for Class Certification is **DENIED as moot.**

IT IS SO ORDERED.